IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-04978-RBJ

FELIX HERNANDEZ CRUZ,

Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

Respondents.

---

**ORDER**

---

This matter comes before the Court on Felix Hernandez Cruz's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"). ECF No. 1.

The Petition alleges that Petitioner is a Mexican citizen currently detained by Immigration and Customs Enforcement ("ICE") at the Denver Contract Detention Facility in Aurora, Colorado. *Id.* at 5. In 2009, Petitioner entered the United States without inspection and has since lived in New Jersey. *Id.* at 6.

The Petition admits that in 2018, Petitioner pleaded guilty to charges of driving under the influence and failure to report an accident. *Id.* The Petition alleges that the available records show that Petitioner has had no criminal incidents since then. *Id.*

In 2019, the government placed Petitioner in removal proceedings. On February 22, 2023, on the parties' joint request, the Immigration Judge dismissed Petitioner's removal proceedings without prejudice. *Id.* at 7.

In 2023, Petitioner married a lawful permanent resident, and she filed a Form I-130 on his behalf on May 9, 2024. *Id.* at 6. Petitioner lived with his wife in Monmouth County, New Jersey and worked installing flooring. *Id.* He has an employment authorization valid from June 20, 2025, through June 19, 2030. *Id.* Petitioner also filed an application for asylum and withholding of removal on July 17, 2024. *Id.* at 7.

On January 29, 2026, Petitioner appeared for a scheduled appointment at the USCIS Newark Asylum Office. *Id.* After the interview, ICE arrested him. *Id.* The Petition alleges that no valid administrative warrant was issued before Petitioner was arrested. *Id.*

On February 4, 2026, prior counsel filed a habeas petition before the U.S. District Court for the District of New Jersey, seeking a bond hearing and challenging Petitioner's detention. *Id.*; ECF No. 1-1 at 9. The court ordered a hearing, and on February 9, 2026, an Immigration Judge denied a change in Petitioner's custody status because of "Flight risk and danger to the community." ECF No. 1 at 8; ECF No. 1-1 at 6.

On February 28, 2026, the Immigration Judge ordered Petitioner's removal to Mexico. ECF No. 1 at 9. Petitioner timely appealed this decision on March 2, 2026, and the appeal remains pending. *Id.*

On March 5, the District of New Jersey Court dismissed the petition and closed the case. ECF No. 1 at 9; ECF No. 1-1 at 12. The present Petition claims that the prior case docket "contains no adjudication of the constitutional adequacy of the February 9 hearing." ECF No. 1 at 9. At some point during Petitioner's detention, ICE transferred him from New Jersey to Colorado. *Id.* at 10.

The Petition challenges the constitutional adequacy of the process supporting Petitioner's present detention. ECF No. 1 at 2. Petitioner requests that this court order his immediate release under appropriate conditions, or, alternatively, order an individualized bond hearing. *Id.* In support, the Petition asserts that Petitioner's initial arrest without a warrant was illegal and his prolonged detention violates due process because his removal order is not final and the February 9th bond hearing was deficient. *Id.* at 11-19.

To protect the status quo and preserve this Court's jurisdiction, the Court hereby enjoins Respondents from removing petitioner from the United States or transferring him out of Colorado unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this order or the case is terminated.

At this time, the Court takes no action with respect to the remainder of the relief sought in the Petition. The Court respects the urgency of Petitioner's allegations, as well as the expedited nature of habeas proceedings. Nevertheless, these considerations must be balanced with affording Respondents a reasonable time to assess the facts and legal issues from their perspective and respond appropriately.

To the extent not already done, counsel for Petitioner is directed by Tuesday, October 13, 2026, to: (1) serve Respondents with a copy of the Petition along with a copy of this Order, by email and overnight mail; and (2) promptly file proof of such service on the docket. Counsel for Respondents shall promptly enter notices of appearance.

Within seven days of service, Respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted. *See Yassine v. Collins*, 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. Jul. 7, 2025) (stating that 28 U.S.C. § 2243's three-day deadline is "subordinate to the district court's authority to set deadlines") (citation omitted). Respondents are ordered to address in their response the effect, if any, of Petitioner's prior petition or the Immigration Judge's order denying bond. Respondents are also ordered to include in their response any relevant records of Petitioner's detention that Petitioner has requested.

Dated: October 7, 2026. BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge