IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-04978-RBJ

FELIX HERNANDEZ CRUZ,

Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

Respondents.

---

**ORDER**

---

Before the Court is Felix Hernandez Cruz's ("Petitioner") Verified Petition for Writ of Habeas Corpus ("Petition"). ECF No. 1.

Petitioner seeks an order declaring his current immigration detention unlawful and asks this Court to order his release. *Id.* at 2. Respondents have declined to file a responsive brief, and they recognize that the Court may grant the Petition and award appropriate relief. ECF No. 5 at 1-2. If so, Respondents state that the appropriate relief would be to order Petitioner's release. *Id.*

For the reasons set forth below, the Court agrees that Petitioner's current detention is unlawful and orders Respondents to release him.

## I. Background

The Petition alleges that Petitioner is a Mexican citizen currently detained by Immigration and Customs Enforcement ("ICE") at the Denver Contract Detention Facility in Aurora, Colorado. *Id.* at 5. In 2009, Petitioner entered the United States without inspection and has since lived in New Jersey. *Id.* at 6.

The Petition admits that in 2018, Petitioner pleaded guilty to charges of driving under the influence and failure to report an accident. *Id.* The Petition alleges that the available records show that Petitioner has had no criminal incidents since then. *Id.*

In 2019, the government placed Petitioner in removal proceedings. On February 22, 2023, on the parties' joint request, the Immigration Judge dismissed Petitioner's removal proceedings without prejudice. *Id.* at 7.

In 2023, Petitioner married a lawful permanent resident, and she filed a Form I-130 on his behalf on May 9, 2024. *Id.* at 6. Petitioner lived with his wife in Monmouth County, New Jersey and worked installing flooring. *Id.* He has an employment authorization valid from June 20, 2025, through June 19, 2030. *Id.* Petitioner also filed an application for asylum and withholding of removal on July 17, 2024. *Id.* at 7.

On January 29, 2026, Petitioner appeared for a scheduled appointment at the USCIS Newark Asylum Office. *Id.* After the interview, ICE arrested him. *Id.* The

Petition alleges that no valid administrative warrant was issued before Petitioner was arrested. *Id.*

On February 4, 2026, prior counsel filed a habeas petition before the U.S. District Court for the District of New Jersey, seeking a bond hearing and challenging Petitioner's detention. *Id.*; ECF No. 1-1 at 9. The court ordered a hearing, and on February 9, 2026, an Immigration Judge denied a change in Petitioner's custody status because of "Flight risk and danger to the community." ECF No. 1 at 8; ECF No. 1-1 at 6.

On February 28, 2026, the Immigration Judge ordered Petitioner's removal to Mexico. ECF No. 1 at 9. Petitioner timely appealed this decision on March 2, 2026, and the appeal remains pending. *Id.*

On March 5, the District of New Jersey court dismissed the petition and closed the case. ECF No. 1 at 9; ECF No. 1-1 at 12. The present Petition claims that the prior case docket "contains no adjudication of the constitutional adequacy of the February 9 hearing." ECF No. 1 at 9. At some point during Petitioner's detention, ICE transferred him from New Jersey to Colorado. *Id.* at 10.

The Petition challenges the constitutional adequacy of the process supporting Petitioner's present detention. *Id.* at 2. Petitioner requests that this court order his immediate release under appropriate conditions, or, alternatively, order an individualized bond hearing. *Id.* In support, the Petition asserts that Petitioner's

initial arrest without a warrant was illegal and his prolonged detention violates due process because his removal order is not final and the February 9th bond hearing was deficient. *Id.* at 11-19.

## II. Discussion

A district court may grant a writ of habeas corpus to any person who demonstrates that he is "in custody in violation of the Constitution or laws of the United States." § 2241. The individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). Section 2241 habeas proceedings are available as a forum for statutory and constitutional challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Where the dispute is fundamentally legal in nature, the court may decline to hold a hearing. 28 U.S.C. § 2243; *see, e.g.*, *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025). Here, neither party has requested a hearing, and the Court finds that no hearing is necessary.

Respondents have offered no evidence or argument to undermine Petitioner's allegations that his arrest and continued detention is unlawful, and their response brief effectively concedes as much. ECF No. 5. The Court has seen no evidence that would justify Petitioner's warrantless arrest or continued detention. Indeed, the present record reflects that his removal order is not final. ECF No. 1 at 11-19. Furthermore, Respondents have failed to respond to the Court's Order specifically

asking them to "address in their response the effect, if any, of Petitioner's prior petition or the Immigration Judge's order denying bond." ECF No. 3 at 4. Respondents were also ordered to produce any relevant records that Petitioner requested, which they did not do. *Id.* The Court therefore concludes that Petitioner's detention is unconstitutional.

The Court further finds that release is the appropriate remedy. *See* 28 U.S.C. § 2243 (granting courts the power to "dispose of [habeas corpus matters] as law and justice require"); *Quiroz Zacarias v. Mullin*, No. 26-cv-0574-WJM, 2026 WL 1092162, at *5 (D. Colo. Apr. 22, 2026) (ordering petitioner's immediate release and recognizing that another bond hearing "would only add further insult to the constitutional injury to which [p]etitioner has already been subjected"). Indeed, "the mounting evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to ignore." *Pal v. Lyons*, No. 26-CV-1102-WJM, 2026 WL 937962, at *4 (D. Colo. Apr. 7, 2026). Furthermore, as noted, Respondents have also acknowledged that release is the appropriate remedy in this case if the Court grants the writ. ECF No. 5 at 1-2.

It is hereby ORDERED that:

1. The Petition, ECF No. 1, is GRANTED. Respondents SHALL release Petitioner on his own recognizance within 48 hours of this Order.

2. Respondents MAY NOT impose additional release conditions other than those that Petitioner was subject to prior to his current detention.
3. The parties WILL, within five (5) days of this Order, file a joint status report informing the Court of the status of Petitioner's release.

It is SO ORDERED.[1]

Dated: October 23, 2026

BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge

[1] To the extent Petitioner seeks attorney fees, they are directed to file a separate motion complying with the Federal Rules of Civil Procedure and the Local Rules.